# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 16-4730

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ANDREW DAVID OWENS,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:13-cr-00069-F-1)

Submitted:  June 29, 2017                     Decided:  July 14, 2017

Before NIEMEYER, MOTZ, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Terry F. Rose, Smithfield, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew David Owens appeals the district court's judgment revoking his supervised release and sentencing him to 21 months' imprisonment followed by 18 years' supervised release. Finding no reversible error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Sentencing Guidelines' Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2012) factors. *See* 18 U.S.C. § 3583(e) (2012); *Thompson*, 595 F.3d at 546-47. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted).

Owens claims that his sentence is procedurally unreasonable because the district court failed to adequately explain the reasons for imposing the term of supervised release. Having reviewed the record, we find that the district court's explanation, although brief, was sufficient.

2

Accordingly, we reject Owens' challenge to the procedural reasonableness of his revocation sentence and affirm. We deny Owens' pro se motion to file a supplemental brief and to reconsider the order denying Owens' motion to replace counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*